**NATIONAL UNION FIRE INSURANCE Plaintiff,**

**v.**

**SEAFIRST CORPORATION, et al., Defendants.**

**No. C85–396R.**

United States District Court,
W.D. Washington,
Seattle Division.

Dec. 19, 1986.

Stevan D. Phillips, Kenneth W. Johnson, Deborah A. Elvins, Richard L. Goldfarb, Jones Grey & Bayley, Seattle, Wash.

William A. Helsell, Ragan Powers, Helsell, Fetterman, Martin, Todd & Hokanson, Seattle, Wash., for defendant Wm. Jenkins.

J. Ronald Sim, Schweppe, Krug & Tausend, Seattle, Wash., for defendant John Boyd.

Allan H. Baris, Merrick, Hofstedt & Lindsey, Seattle, Wash., for defendant John Nelson.

J. Vernon Williams, Riddell, Williams, Bullitt & Walkinshaw, Seattle, Wash., for John McGregor, Samuel Stroum, James Thorpe, & Kate Webster.

Richard E. Keefe, Foster, Pepper & Riviera, Seattle, Wash., for Joseph Curtis.

Stephen V. Bomse, Eric Redman, Heller, Ehrman, et al., Seattle, Wash., for Seafirst Corp.

Luke D. Lynch, Jr., Kenneth A. Sagat, Richard Russell, Robert E. Meshel, D'Amato & Lynch, New York City, for plaintiff.

Laurie D. Kohli, George Hull & Porter, Seattle, Wash., for Richard Jaehning.

Stephen V. Bomse, Robert Rosenfeld, Matthew Larrabee, Heller, Ehrman, White & McAuliffe, San Francisco, Cal.

Jerry R. McNaul, Bradley D. Stam, Culp, Dwyer, Guterson & Grader, Seattle, Wash., for plaintiff.

## ORDER GRANTING SEAFIRST'S MOTION TO DISMISS COUNTS FIVE, TEN AND TWELVE OF PLAINTIFF'S AMENDED COMPLAINT

ROTHSTEIN, District Judge.

THIS MATTER comes before the court on a motion by defendants Seafirst Corporation and Seattle-First National Bank to dismiss Counts Five, Ten and Twelve of plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted. Having reviewed the motion, together with all documents filed in support and in opposition, and being fully advised, the court finds and rules as follows:

This case arises out of a $55 million excess insurance policy issued by plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") in November of 1982 to defendant Seafirst Corporation and its subsidiary, defendant Seattle-First National Bank (hereafter collectively "Seafirst"). Pursuant to the terms of this policy, Seafirst's directors and officers were insured against liability incurred because of wrongful acts committed in the discharge of their duties.

As a result of huge loan losses suffered by Seafirst's energy lending department, Seafirst and several of its officers and directors were sued for mismanagement in a derivative shareholders' action. In August of 1984, Seafirst sought and was granted permission to realign and substitute itself as plaintiff in the mismanagement case. Several months thereafter, National Union filed the instant suit alleging, among other

things, that Seafirst had made fraudulent misrepresentations in applying for the policy and breached its duty of cooperation, and that the policy was not meant to cover direct actions by Seafirst against its own personnel.

Seafirst recently settled the mismanagement case for $110,000,000; the primary insurer has paid the full limits of the $20,000,000 primary policy. National Union has now filed an amended complaint adding new claims based on the settlement agreement, including allegations that it was collusive and made in bad faith. Seafirst in turn moves to dismiss Counts Three, Five and Twelve of the amended complaint on the grounds that National Union has failed to state causes of action on which relief can be granted.

## I. COUNT THREE: NO COVERAGE FOR INTENTIONAL BEHAVIOR

The excess policy provides coverage for loss suffered by Seafirst directors and officers as a result of wrongful acts committed in the course of their duties as directors or officers. However, the policy specifically excludes from coverage any loss "based upon or attributable to their gaining in fact of any personal profit or advantage to which they were not legally entitled" or "brought about or contributed to by the dishonesty of the Directors or Officers." Excess Policy, Section IV(b)(2) and (5). National Union alleges in Count Three that it is entitled to a declaratory judgment that the excess policy provides no coverage to individual directors and officers based on liability arising out of their intentional, fraudulent, reckless or grossly negligent conduct.

■ Seafirst moves to dismiss Count Three as a matter of law based on the language of the proviso to the dishonesty exclusion set forth above. That proviso states as follows:

> However, notwithstanding the foregoing, the Directors or Officers shall be protected under the terms of this policy as to any claims upon which suit may be brought against them, by reason of any alleged dishonesty on the part of the

Directors or Officers, *unless a judgment or other final adjudication thereof adverse to the Directors or Officers shall establish that acts of active and deliberate dishonesty committed by the Directors or Officers with actual dishonest purpose and intent were material to the cause of action so adjudicated.*

(Emphasis supplied.)

Seafirst argues that, pursuant to this plain language in the policy, the dishonesty exclusion is only applicable where the directors and officers have been actually adjudged guilty of dishonesty in the underlying action as to which coverage is sought. Seafirst further contends that the mismanagement action for which the directors and officers seek coverage was settled without any finding of liability on their part, much less an adjudication that they were guilty of dishonest acts. Thus, Seafirst contends that the exclusion is by its own terms not applicable. *Compare Pepsico, Inc. v. Continental Casualty Co.*, 640 F. Supp. 656 (S.D.N.Y.1986), in which the court construed the same language and held that, where the underlying case had been settled and a finding of dishonesty was no longer possible, the exclusion could not apply. The *Pepsico* court also held that the insurance company itself could not put the directors and officers on trial to determine whether they had been dishonest.

■ National Union counters with three arguments, none of which the court finds persuasive. First, National Union acknowledges that the dishonesty exclusion by its plain terms requires "a judgment or other final adjudication" establishing dishonesty, and that there has been no such adjudication with regard to the former directors and officers of Seafirst seeking payment under the excess policy. National Union relies, however, on the "no action provision" of the policy, which states that there can be no action against the insurer unless the amount of the obligation has been determined by judgment after actual trial or with the insurer's consent. National Union's position is that Seafirst breached this provision by entering into a collusive settlement of the mismanagement case without

obtaining National Union's consent. Moreover, the settlement also foreclosed any possibility of a judgment determining the nature of the defendants' acts in that case. Therefore, in National Union's opinion, it should be permitted to seek an adjudication of the directors' and officers' dishonesty in the instant declaratory action.

The nonmeritorious nature of this argument is obvious. National Union attempts to confuse, if not merge the dishonesty exclusion with the "no action provision" of the policy, but to no avail. They are separate and distinct provisions; a breach of the latter does not implicate the former. National Union is free to contest its liability under the excess policy on the grounds that Seafirst's settlement of the mismanagement action breached the "no action provision." That challenge does not, however, open the door to submission of proof on the entirely separate issue of whether former directors and officers of Seafirst committed acts falling within the dishonesty exclusion of the policy. The court also notes that National Union's efforts to distinguish the ruling on this point in *Pepsico, supra,* are unsuccessful.

■ Second, National Union points to a Comptroller of Currency regulation in effect at the time the excess policy was issued which prohibits "the indemnification of bank personnel who are adjudged guilty of, or liable for, willful misconduct, gross neglect of duty, or criminal acts." 12 C.F.R. § 7.5217 (1971). Again, even assuming *arguendo* that this regulation could govern the resolution of coverage disputes under the excess policy (a conclusion which Seafirst disputes), it cannot apply in this case because the former officers and directors have never been adjudged guilty of any conduct falling within the scope of the regulation.

■ Third, National Union argues that it is against public policy to insure bank personnel against liability for their own deliberate wrongdoing and that the excess policy expressly refers to public policy considerations when it excludes from coverage "other matters which may be deemed uninsurable under the law pursuant to which this policy shall be construed." Excess Policy, Section III(d). Thus, National Union asserts that it should have the opportunity to prove that Seafirst's former officers and directors engaged in dishonest conduct which is not covered under the policy.

National Union cannot point to any "law pursuant to which this policy shall be construed" which prohibits indemnification of bank personnel for dishonest acts. On the contrary, RCW 23A.08.025(11) states generally that a corporation can purchase insurance on behalf of directors and officers against any liability, whether or not the corporation has the power to indemnify them against such liability under Washington statutes governing corporations. National Union does cite several legal commentators in support of its public policy position. But commentators are hardly binding legal authority and, as might be expected, Seafirst cites other commentators who disagree with National Union's sources.

## II. COUNTS TEN AND TWELVE: NO CLAIM FOR NEGLIGENT MISREPRESENTATION

Counts Ten and Twelve of National Union's amended complaint allege that, if National Union is required to pay for the directors' and officers' liability under the excess policy, it is also "entitled to offset all such amounts against Seafirst" or "to be indemnified against all such amounts by Seafirst" on the basis of Seafirst's intentional or negligent misrepresentations.

■ Seafirst contends that Counts Ten and Twelve must be dismissed insofar as they conflict with Washington statutory law governing the effect of a misrepresentation on an insurance contract:

(1) Except as provided in subsection (2) of this section [regarding life or disability insurance], no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching, unless the mis-

representation or warranty is made with the intent to deceive. RCW 48.18.090(1). Seafirst argues that, pursuant to this statute, "intent to deceive" is a necessary element of any claim seeking to defeat liability under an insurance policy. Thus, National Union cannot treat the excess policy as still in effect, but then seek to recoup amounts paid under a theory of "offset" or "indemnity" based on allegations of negligent misrepresentation. Recognizing such a cause of action would in essence allow National Union to defeat the policy without adhering to the statutory requirement of proving intent to deceive.

In addition, Seafirst emphasizes the statutory language stating that no representation in an insurance contract shall be deemed material unless made with an intent to deceive. Because negligent misrepresentations are by statutory definition immaterial to the insurance contract, Seafirst argues, National Union cannot base any claims for offset or indemnity on such alleged misrepresentations.

National Union responds that its claims are based on the supposition that the policy is upheld, not defeated or avoided. In other words, its position is that the statute does not apply because National Union is not challenging its obligation to the directors and officers under the policy, but merely seeking to recover damages from Seafirst. The court finds the distinction a specious one. Seafirst is the claimant under the excess policy which it purchased from National Union on behalf of its directors and officers. The net effect of recognizing National Union's claims for offset and indemnity based on negligent misrepresentations is that Seafirst could potentially recover less money pursuant to that excess policy. Given the plain language of RCW 48.18.090, the Washington legislature clearly did not wish that result to ensue. The court concludes that National Union cannot be permitted to evade the legislative intent by casting its claims in terms of "offset" or "indemnity."

As for Seafirst's argument regarding the immateriality of negligent misrepresenta-tions, National Union responds that the language of the statute simply reflects awkward drafting and does not really mean what it plainly says. National Union cites no authority for this unlikely and unpersuasive proposition.

Therefore, insofar as National Union seeks to assert claims for negligent misrepresentation in Counts Ten and Twelve, the court finds that they must be dismissed for failure to state a cause of action under applicable Washington law.

## III. CONCLUSION

Defendants' motion to dismiss Counts Five, Ten and Twelve is accordingly GRANTED.

IT IS SO ORDERED.