**DAVIS WRIGHT & JONES, Plaintiff,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, Defendant.**

**No. C88–780DR.**

United States District Court,
W.D. Washington,
at Seattle.

March 7, 1989.

---

Bruce Edward Johnson, Arthur W. Harrigan, Jr., Danielson, Harrigan, Smith & Tollefson, Seattle, Wash., for plaintiff.

Bradley David Stam, Seattle, Wash., for defendant.

## ORDER GRANTING DAVIS WRIGHT'S MOTION FOR SUMMARY JUDGMENT

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on a motion for summary judgment by plaintiff Davis Wright & Jones ("Davis Wright"). Having reviewed the motion together with all documents filed in support and in opposition,[1] and being fully advised, the court finds and rules as follows:

1. Plaintiff Davis Wright's request for permission

## I. BACKGROUND

In March of 1985, defendant National Union Fire Insurance Co. of Pittsburgh, PA ("National Union") filed suit against Seafirst Corporation and its subsidiary, Seattle–First National Bank (collectively "Seafirst") as well as certain officers and directors of Seafirst. National Union alleged that Seafirst had wrongfully induced it to issue a $55 million policy of excess directors and officers liability insurance through fraud and misrepresentations in Seafirst's insurance application concerning the status of its energy loan portfolio. This court thereafter presided over all pretrial and trial proceedings in the case. *National Union Fire Insurance Co. of Pittsburgh, PA v. Seafirst Corp.*, 662 F.Supp. 36 (W.D.Wash.1986).

On March 25, 1988, this court entered judgment for Seafirst and against National Union pursuant to a jury verdict. Pursuant to a subsequent settlement between National Union and Seafirst, this court signed an order on June 3, 1988 dismissing with prejudice National Union's claims against Seafirst.

Meanwhile, in September of 1985, National Union filed a Summons with Notice in the Supreme Court for New York County against Davis Wright, the law firm that represented Seafirst during the events precipitating National Union's lawsuit against Seafirst. However, National Union has to date not filed a complaint against Davis Wright in the New York courts.

In June of 1988, Davis Wright filed the instant declaratory judgment action requesting this court to declare that, pursuant to the doctrines of res judicata and collateral estoppel, all cognizable claims which National Union alleges against Davis Wright are barred by the orders and judgments entered in *National Union v. Seafirst*. Davis Wright now moves for summary judgment on its request for declaratory relief.

## II. LEGAL ARGUMENT

As a preliminary matter, National Union attacks Davis Wright's motion on

to file an overlength reply brief is GRANTED.

grounds of prematurity because National Union has not yet filed a complaint in the New York action. The court rejects this argument. In its Order Denying National Union's Motion to Dismiss and Requesting Further Submission entered on December 1, 1988, the court gave National Union an opportunity to submit a complaint setting forth its claims against Davis Wright. National Union declined to do so.[2] Although a complaint would certainly be helpful, the court is confident that its extensive knowledge of the circumstances underlying both *National Union v. Seafirst* and National Union's projected claims against Davis Wright will enable it to determine whether res judicata or collateral estoppel bar the latter claims.[3]

### A. Res Judicata

#### 1. Applicable Law and Elements

■ Turning to the merits of Davis Wright's motion on the subject of res judicata, there is no question that the res judicata effect of the final judgment in *National Union v. Seafirst* must be determined by applying federal standards. In *Gramm v. Lincoln*, 257 F.2d 250, 255 n. 6 (9th Cir.1958), and *St. Paul Fire & Marine Ins. Co. v. Weiner*, 606 F.2d 864, 868 (9th Cir. 1979), the Ninth Circuit concluded that a federal court sitting in diversity should apply the *res judicata* and collateral estoppel rules of the forum state. *See also Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir.1982). Even following the Ninth Circuit's prescription, however, federal standards still apply because Washington state law holds that the preclusive effect of a decision rendered by a federal court sitting in diversity is governed by federal law. *Alcantara v. Boeing Co.*, 41 Wash.App. 675, 678, 705 P.2d 1222, *rev. denied*, 104 Wash.2d 1022 (1985).[4]

Res judicata, also sometimes called claim preclusion, bars relitigation in a subsequent action of any claims that were raised or could have been raised in the prior action. *Federated Department Stores v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427–2428, 69 L.Ed.2d 103 (1981). The elements of res judicata are (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties. *Blonder–Tongue Laboratories v. University of Illinois Foundation*, 402 U.S. 313, 323–24, 91 S.Ct. 1434, 1439–30, 28 L.Ed.2d 788 (1971).

#### a. Identity of Claims

■ Regarding the first element, identity of claims, the Ninth Circuit has set forth

---

2. National Union has, however, described its claims before to this court as follows:

> The theories underlying the claims generally described in [the] summons [against Davis Wright] include (a) Davis, Wright's knowledgeable participation in Seafirst's fraud ...; (b) Davis, Wright's negligent misrepresentations arising out of the preparation of the addendum and review of the Seafirst insurance application ...; and (c) Davis, Wright's negligent performance of its legal duties in connection with the insurance application....

Declaration of Bruce Lamka in Support of Davis Wright's Motion for Summary Judgment, Ex. 10 at 7–8. National Union has also stated that [its] action against Davis, Wright is narrower than [its case against Seafirst] and relates only to the fraud claims alleged in National Union's complaint against Seafirst to the extent Davis, Wright assisted in inducing National Union to issue the excess policy and concealed certain information and reports from National Union. *Id.*, Ex. 12 at 3.

3. The court also notes that its decision to resolve this case without waiting for the filing of an actual complaint hardly constitutes a rush to judgment. National Union's suit against Davis Wright in New York was filed three and a half years ago and this court's Order enjoining the litigation of that lawsuit during the pendency of National Union's suit against Seafirst was vacated in an Order entered on October 3, 1988.

4. National Union argues at one point that, in determining the res judicata effect of *National Union v. Seafirst*, the privity laws of Washington should be applied "because privity may be a substantive rather than a procedural matter." Defendant's Memorandum in Opposition to Motion for Summary Judgment, p. 19 n. 9. But the Washington court in *Alcantara* clearly did not accept this argument. Among the cases which *Alcantara* cites for the proposition that federal standards should determine the res judicata effect of a federal diversity case is *Stovall v. Price Waterhouse Co.*, 652 F.2d 537, 540 (5th Cir. 1981). In *Stovall*, the court held that federal rather than Mississippi privity standards should be applied even though the state law of privity was much stricter.

several criteria for determining if such an identity exists:

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini, supra* at 1201–02; *Derish v. San Mateo–Burlingame Board of Realtors,* 724 F.2d 1347, 1349 (9th Cir.1983), *overruled on other grounds in Eichman v. Fotomat Corp.,* 759 F.2d 1434 (9th Cir. 1985). Of the four criteria, the last one is undoubtedly the most important. *Id.; Brown v. Federated Department Stores,* 653 F.2d 1266, 1267 (9th Cir.1981); *Harris v. Jacobs,* 621 F.2d 341, 343 (9th Cir.1980); *Morgan Consultants v. American Telephone and Telegraph Co.,* 546 F.Supp. 844, 847–48 (S.D.N.Y.1982).

Insofar as National Union seeks to hold Davis Wright liable for harm it suffered resulting from alleged misrepresentations in Seafirst's application for excess insurance, the court finds that those claims arise out of precisely the same transactional nucleus of facts as National Union's claims against Seafirst in *National Union v. Seafirst* based on the same alleged misrepresentations. It is no coincidence that in the trial of *National Union v. Seafirst,* National Union called two Davis Wright partners as witnesses and questioned them at length about Davis Wright's participation in preparing Seafirst's application for excess insurance, including detailed testimony about Davis Wright's role in drafting the addendum containing the alleged misrepresentations. By trying to establish Davis Wright's liability for the alleged misrepresentations in a second case, National Union would be rehashing the same evidence which it already offered in its prior suit against Seafirst.

But National Union argues that whether or not its claims against Seafirst and Davis Wright arise out of the same transactional nucleus of facts, it cannot be precluded from pressing its claims against Davis Wright because they could not have been litigated in *National Union v. Seafirst.* National Union contends that its common law fraud and negligent misrepresentation claims not only were not, but could not have been adjudicated because of this court's ruling in *National Union v. Seafirst* that a Washington statute governing insurance disputes, specifically RCW 48.- 18.090(1), barred National Union from pursuing them against Seafirst. *National Union Fire Insurance v. Seafirst Corp.,* 662 F.Supp. 36, 39–40 (W.D.Wash.1986). National Union now insists that it can and should be permitted to pursue common law fraud and negligent misrepresentation claims against Davis Wright under New York law.

Two responses to National Union's argument are in order. First, it is true that the issues of common law fraud and negligent misrepresentation never went to the jury in *National Union v. Seafirst.* They were, however, adjudicated; the court ruled that, under RCW 48.18.090(1), National Union was barred from pursuing those issues.

■ Second, the law is clear that a party to a case cannot escape the res judicata effect of a negative decision under the law of one state by filing a second suit based on the same facts in another state.

The assertion of statutory or nonstatutory rights arising under the laws of different sovereigns might seem to thwart claim preclusion. How, after all, can two separate legal systems combine to create a single claim? Fortunately, courts have been far too practical to dither about such abstract conceptualizing. *Even as between two states with reasonable grounds for applying their own law to the underlying transaction, judgment under the law of one state precludes an action in the other.*

(emphasis supplied) 18 Wright, Miller & Cooper, *Federal Practice and Procedure* § 4411, p. 91 (1981). *Cf. Magnolia Petroleum Co. v. Hunt,* 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943), in which the United States Supreme Court held that a plain-

tiff who received an award under Texas worker compensation law was precluded by the full faith and credit clause from relitigating the issue of his entitlement to worker compensation under Louisiana law. The Court reasoned that the injury did not give rise to two distinct causes of action merely because two different state statutes were applied. *See also* Wright, Miller, *supra* at § 4467 concerning res judicata between state courts.

The principle set forth in Wright, Miller and *Magnolia Petroleum* is fully applicable here. National Union chose to file suit in Washington and invoked Washington law to resolve its claims. National Union never argued that New York law should govern. Now that a judgment displeasing to National Union has been entered under Washington law, it cannot escape the result of the doctrine of res judicata simply by filing suit in another state where the law may be more accommodating to National Union's allegations arising out of the same transaction. Permitting such behavior would encourage repeated litigation of the same or related claims in as many state courts as are required to accept jurisdiction and would utterly defeat the purpose of res judicata.

National Union also challenges the existence of an identity of claims on the grounds that, although RCW 48.18.090(1) may have foreclosed National Union from pursuing common law fraud and negligent misrepresentation claims against Seafirst, it does not apply to Davis Wright. In National Union's view, the court's ruling on the effect of RCW 48.18.090(1) was based on its analysis that, in a rescission action *against the insured,* an insurer cannot assert negligent misrepresentation as a basis for defeating or avoiding the policy. According to National Union, the court did not decide whether National Union could bring an action for damages resulting from negligent misrepresentations against a noninsured like Davis Wright after paying the insured under the policy and where the allowance of such a suit would not defeat or avoid the policy.

This argument is without merit. Contrary to National Union's contention, the court was squarely faced with the issue of the effect of RCW 48.18.090(1) on statements by noninsureds because, like Davis Wright, Seafirst was not an insured under the excess policy.[5] Furthermore, the court squarely ruled that the statute means what it plainly says, *i.e.,* that *no* representation in an insurance contract, whether made by the insured or on the insured's behalf, is considered material unless it was made with an intent to deceive.[6] 662 F.Supp. at 40. In other words, the court found that RCW 48.18.090(1) does not distinguish between claims against insureds based on their own statements and claims against others who made statements on behalf of insureds. The court's analysis of the meaning of RCW 48.18.090(1) is just as applicable to National Union's claims against Davis Wright as to National Union's claims against Seafirst.[7]

---

**5.** National Union's own prior submission to this court refutes its current contention that the court's Order regarding RCW 48.18.090(1) did not involve any consideration of the statute's effect on the statements of noninsureds. In its request for reconsideration of the court's decision, National Union itself stressed that it was suing Seafirst for negligent misrepresentations as a noninsured under the excess policy. Declaration of Bruce Lamka in Support of Davis Wright's Motion for Summary Judgment, Ex. 18 at 11–12.

**6.** RCW 48.18.090(1) states:
(1) Except as provided in subsection (2) of this section [regarding life or disability insurance], no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.

**7.** In its Memorandum in Opposition to Motion for Summary Judgment, p. 7, National Union states that "Davis Wright appears to concede that lawyers, such as itself, can be sued for negligent misrepresentations and common law fraud by insurance companies in circumstances like these. Washington, New York and many other courts have so held." National Union does not clarify where this concession by Davis Wright can be found. Furthermore, the two Washington cases which National Union cites are entirely inapposite to the instant factual situation. Neither *Haberman v. WPPSS,* 109 Wash.2d 107, 744 P.2d 1032 (1987), nor *Hoffer v.*

As for National Union's continuing attempts to challenge the merits of this court's ruling on the interpretation of RCW 48.19.090(1), they are irrelevant. The question for purposes of res judicata is not whether the court's decision was right or wrong, but simply whether the decision was made.

### b. Final Judgment

■ Regarding the second element of res judicata, a final judgment, National Union does not deny the existence of a judgment on the merits entered in conformity with the jury verdict nor does it dispute that this judgment has res judicata effect until it is vacated.[8] But National Union argues that this court's final Order dismissing its case against Seafirst with prejudice has no preclusive effect because it was consensual. However, as Davis Wright points out and as National Union concedes in its reply brief, it is generally accepted that consent judgments support a finding of res judicata, although not collateral estoppel. Wright & Miller, *supra* at § 4443, p. 385; National Union's Memorandum in Opposition to Summary Judgment, p. 22 ("A consensual stipulated dismissal, as here, precludes further litigation between the *parties* to the settlement agreement as to *claims* (not issues) expressly included within the agreement."). Furthermore, the reason for refusing to afford collateral estoppel effect to consent judgments is that ordinarily the underlying issues have not been actually litigated. Here, that is not the case. The effect of RCW 48.18.090(1) on National Union's claims for negligent misrepresentation and common law fraud was fully litigated and decided by the court.

### c. Identity of the Parties

■ As for the third element, identity of the parties, National Union asserts that Davis Wright cannot establish the requisite privity between itself and Seafirst to reap the benefit of the jury verdict in Seafirst's favor.[9] The court agrees that, strictly speaking, Davis Wright may not be in privity with Seafirst. Nevertheless, it is well established now that strict rules of privity no longer govern whether res judicata is applicable. Instead, the determination of whether sufficient "privity" exists for purposes of res judicata should be based on a functional analysis, on the reasons for holding a party bound by a prior judgment, and not on labels and rigid rules. Wright, Miller, *supra*, § 4448 at 408-09.

This concept of a functional analysis has been expressed and applied in various ways. For example, in *Jackson v. Hayakawa*, 605 F.2d 1121, 1126 n. 6 (9th Cir. 1979), plaintiffs argued that res judicata was not applicable because defendants in the second suit differed from those in the first suit. The court reasoned that "[t]he deletion of some defendants from the prior suit, where their interests and involvement were sufficiently similar to that of the defendants named in both suits, and where the rights sought to be vindicated remain the same, cannot serve as a bar to the application of res judicata."

In *Avins v. Moll*, 610 F.Supp. 308, 316 (D.Pa.1984), the court reviewed the law on res judicata and concluded that in recent times, numerous courts had broadened the availability of the doctrine to persons who were not in privity with parties in the earlier case. *Avins* pointed in particular to the Third Circuit which, in *Bruszewski v. United States*, 181 F.2d 419, 422 (3d Cir.1950), reasoned as follows:

*State*, 110 Wash.2d 415, 755 P.2d 781 (1988) involved allegations of insurance fraud or misrepresentation under RCW 48.18.090(1).

**8.** In the course of reaching a settlement with National Union on the issues remaining after the jury verdict, Seafirst agreed that it would not oppose a motion by National Union to vacate the judgment entered pursuant to the jury verdict. This court, however, denied the motion. National Union is now pursuing an appeal in the Ninth Circuit from that denial in an effort to have the judgment vacated. The pendency of the appeal has no effect on the court's decision at this time.

**9.** Much of National Union's argument relies on its construction of Washington law. However, as the court established earlier in this opinion, federal and not Washington law governing res judicata is applicable.

Where different plaintiffs sue the same defendant in successive suits, many courts have questioned the fairness of invoking *res judicata* against the defendant unless a significant relationship can be found between the plaintiffs. But where, as in this case, *res judicata* is invoked against a plaintiff who has twice asserted essentially the same claim against different defendants, courts have, as indicated in the cases above cited, enlarged the area of *res judicata* beyond any definable categories of privity between the defendants.... We are in accord with this development of the law away from formalism which impedes the achievement of fair and desirable results.

*Accord, Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir.1972), in which the court held that res judicata applies "where there is a close or significant relationship between successive defendants." *See also Morgan Consultants v. American Telephone and Telegraph Co.*, 546 F.Supp. 844, 848 n. 5 (S.D.N.Y.1982).

The *Restatement (Second) Judgments* § 51 (1982), sets forth the same concept in terms of vicarious liability:

If two persons have a relationship such that one of them is vicariously responsible for the conduct of the other, and an action is brought by the injured person against one of them, the judgment in the action has the following preclusive effects against the injured person in a subsequent action against the other.

(1) A judgment against the injured person that bars him from reasserting his claim against the defendant in the first action extinguishes any claim he has against the other person responsible for the conduct unless:

(a) The claim asserted in the second action is based upon grounds that could not have been asserted against the defendant in the first action; or

(b) The judgment in the first action was based on a defense that was personal to the defendant in the first action.[10]

Under this line of reasoning, National Union would be precluded from bringing any claims against Davis Wright if Seafirst could have been held vicariously liable in the first trial for Davis Wright's conduct.

Having presided over the trial between National Union and Seafirst and being extremely familiar with the long history of this case and the relationships among the various players in the Seafirst loan fiasco, the court concludes that the identity of interests between Seafirst and Davis Wright is sufficient to preclude National Union from relitigating against Davis Wright the case it lost against Seafirst. Put another way, the relationship between the bank and its legal counsel is sufficiently close that National Union cannot bring its claims a second time against Davis Wright.

During the trial of *National Union v. Seafirst*, National Union sought to prove that Seafirst had made misstatements in its application for excess insurance with the intent to deceive National Union. But the jury was also specifically instructed that if any of Seafirst's agents, including Davis Wright, knowingly misrepresented material facts to National Union, that agent's misrepresentations were to be imputed to Seafirst. The jury was further instructed that Seafirst was vicariously liable for the actions of its apparent agents made within the actual or apparent scope of their authority.

Given the nature of National Union's case and the jury instructions, both Seafirst's and Davis Wright's actions in connection with the insurance policy application had to be examined closely. Thus, the evidence at trial included not only statements from Seafirst personnel regarding their involvement, but also detailed testimony from two attorneys at Davis Wright concerning their own and their law firm's role in the policy application process. Moreover, the court heard testimony from Seafirst management as well as the insurance broker about the role which Davis Wright played.

10. This section is not applicable to judgments by consent. However, the judgment against National Union was not entered by consent, but pursuant to a jury verdict.

At the end of the trial, the jury absolved Seafirst of the charge that it had made misrepresentations in the insurance application with intent to deceive National Union. In doing so, the jury must necessarily have concluded that Davis Wright had not committed the alleged insurance fraud either. Otherwise, based on the jury instruction that any Seafirst agent's knowing misrepresentations to National Union during the insurance application process were to be imputed to Seafirst, the jury would have held Seafirst liable based on Davis Wright's wrongful behavior.[11]

The court concludes that sufficient "privity" or identity of parties does exist between Seafirst and Davis Wright with regard to the previously litigated claims concerning Seafirst's application for excess insurance such that National Union cannot pursue the claims a second time against Davis Wright. *Cf., Spector v. El Ranco, Inc.,* 263 F.2d 143, 145 (9th Cir.1959), in which the Ninth Circuit held that

> "[w]here ... the relations between two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, is to be accepted as conclusive against the plaintiff's right of action against the other."

*Cf. also Michelson v. Exxon Research and Engineering Co.,* 629 F.Supp. 418, 423 (W.D.Pa.1986), in which plaintiff sought to hold an employer vicariously liable for its employee's allegedly defamatory statement. The court found an identity of parties between employer and employee because "[a]ny judgment involving an employee for these acts would apply to the employer, and vice versa" and "both are bound by a judgment involving either of them." [12]

Based on the above analysis, the court finds that National Union is precluded by the doctrine of res judicata from bringing claims against Davis Wright based on its participation in Seafirst's application for excess insurance from National Union. Given this result, the court need not consider the applicability of collateral estoppel.

### B. Independent Claims Against Davis Wright

Finally, National Union argues that it has claims against Davis Wright entirely independent of any claims it brought against Seafirst. Because National Union has not yet filed a complaint against Davis Wright outlining the details of these alleged claims, it is difficult to determine the merit of National Union's contention. The court certainly agrees that, insofar as National Union can assert causes of action against Davis Wright which do not arise out of the same transactional nucleus of facts involved in the prior case against Seafirst, *i.e.,* statements made and actions taken in connection with Seafirst's application for excess directors and officers liability insurance, res judicata does not bar such causes of action.

But National Union also mentions at least two claims for negligence which do arise out of Davis Wright's involvement in Seafirst's insurance application, but which National Union insists are not precluded by res judicata. These claims against Davis Wright for negligent misrepresentations and for negligent performance of acts arise out of Davis Wright's alleged assumption of an independent obligation to National Union to investigate Seafirst's energy loan

---

**11.** National Union argues that the jury verdict does not exonerate Davis Wright from the charge of having made misrepresentations because "the jury could have concluded that Davis Wright had made misrepresentations, but that National did not, or should not, have relied on the representations, or that Davis Wright did not have authority to make them, and hence Seafirst was not bound by them." Memorandum in Opposition to Motion for Summary Judgment, p. 14 n. 6. This argument has no merit. In the first situation, National Union has no cause of action. As for the second proposi-

tion, there was absolutely no evidence adduced at trial to support it.

**12.** In the instant case, Davis Wright would not have been bound by a verdict finding Seafirst liable because the jury might have predicated its decision on some other ground not involving Davis Wright. However, the reverse logic still holds that the jury's finding of Seafirst's nonliability necessarily absolves Davis Wright of liability too.

portfolio and an independent duty to provide National Union with an objective assessment of that portfolio.

Based on its comprehensive knowledge of the underlying facts in this case, the court is confident that no support exists for the proposition that Davis Wright ever assumed any direct, independent obligation to National Union or that it was ever involved in the excess insurance application process in any other capacity than as Seafirst's agent.[13]

The cases on which National Union relies are also entirely inapposite. Both *National Union Fire Ins. Co. v. Dickinson*, 92 Wash. 230, 159 P. 125 (1916), and *Uslife Credit Life Ins. Co. v. McAfee*, 29 Wash. App. 574, 630 P.2d 450 (1981), explore the duty owed by an insurance sales agent to the insurer as its principal. These cases have no bearing on alleged claims by the insurer against the agent of an applicant for insurance.

### III. CONCLUSION

For the above stated reasons, Davis Wright's motion for summary judgment is GRANTED. National Union is barred by the doctrine of res judicata from bringing any claims against Davis Wright arising out of its participation in Seafirst's application for excess insurance from National Union.

---

**13.** In support of its contention that Davis Wright played an independent role, National Union points to a letter from the insurance broker who served as intermediary between Seafirst and National Union. In that letter, the broker informed Seafirst that

[a]s respects Penn Square [energy loans] the warranty statement should refer the underwriter to an addendum prepared by Seafirst's attorney. National Union is looking to find in this addendum a statement that no claims have been filed at this time and an objective assessment of the potential for future claims arising out of this situation. I suggest that we arrange a conference call between your attorney and National Union to determine exactly what can be said in the addendum.

National Union's Memorandum in Opposition to Summary Judgment, Ex. L.

Based on the language of that letter, National Union insists that Davis Wright assumed an obligation to National Union independent of its relationship to Seafirst. This argument has no basis. It is absolutely clear from the plain language of the letter and from all of the other evidence submitted to this court concerning Davis Wright's role in the insurance application process that Davis Wright was acting as Seafirst's agent at all times and did not assume any independent obligation to National Union.