■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Appellant, v DAVIS, WRIGHT, TODD, REISE AND JONES, Respondent.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered February 17, 1989, which denied plaintiff's motion for a default judgment against defendant, unanimously affirmed, with costs.

dant's motion to dismiss the complaint, unanimously affirmed, with costs.

Plaintiff insurance company brought this action against defendant, a Seattle, Washington, law firm, alleging fraud, negligence and violations of New York insurance law based upon defendant's role as outside counsel to Seafirst Corporation, a Washington bank, with respect to its legal assistance in connection with Seafirst's application for an excess insurance policy from plaintiff. Defendant moved to dismiss the complaint on the grounds of lack of personal jurisdiction, improper service, Statute of Limitations, res judicata and failure to state a claim. The court found dismissal was mandated on the basis of each of the grounds.

Plaintiff contends that defendant was subject to jurisdiction pursuant to CPLR 302 (a) (2), (3); 301. However, the critical events associated with the action took place in Washington *(Weiss v Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff,* 85 AD2d 861); defendant was not physically present in New York when the alleged tort was admitted *(Feathers v McLucas,* 15 NY2d 443), and defendant is not authorized to do business in this State.

Further, contrary to plaintiff's assertions, the action is barred by the doctrines of res judicata and collateral estoppel because of the prior determination granting summary judgment to defendant in Washington *(Davis Wright & Jones v National Union Fire Ins. Co.,* 709 F Supp 196). This decision was based upon the jury verdict in the original action by plaintiff against Seafirst and judgment entered on that verdict, an earlier holding that National Union's claims against Seafirst for negligent or reckless misrepresentations were not actionable *(National Union Fire Ins. v Seafirst Corp.,* 662 F Supp 36), and the final order of dismissal with prejudice in the Seafirst action entered on June 3, 1988.

Any subrogation claims are barred by the three-year Statute of Limitations for legal malpractice (CPLR 214 [6]). The statute has not been tolled based upon continuous representation which operates only to toll the statute until the "attorney's representation concerning a particular transaction is terminated" *(Grago v Robertson,* 49 AD2d 645, 646). Here, the representation ended when independent counsel was retained —October 12, 1983.

We have considered the remaining claims and find them to be without merit. Concur—Kupferman, J. P., Ross, Milonas, Rosenberger and Ellerin, JJ.