95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DELTA SYSTEMS, INC., a Washington Corporation, Plaintiff-Appellant,
v.
FEDERAL INSURANCE COMPANY, a principal subsidiary of the
Chubb Corporation, Defendant-Appellee.
DELTA SYSTEMS, INC., a Washington Corporation, Plaintiff-Appellant,
v.
FEDERAL INSURANCE COMPANY, a principal subsidiary of the
Chubb Corporation, Defendant-Appellee.
 Nos. 95-35795, 96-35046.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 9, 1996.
Decided Aug. 28, 1996.
 
 1
 Before: BEEZER and O'SCANNLAIN, Circuit Judges; BROWNING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 This is a consolidated appeal from two actions filed by Delta Systems, Inc. ("Delta") against Federal Insurance Company ("Federal") in connection with water damage sustained to Delta's business premises in December 1987. In the first action ("Delta I "), Delta argued that Federal demonstrated bad faith in handling its property loss claim, and now appeals the district court's grant of summary judgement in Federal's favor on that matter. In the second action ("Delta II "), Delta petitioned the court to vacate the appraisal determination in Delta I based on appraiser bias and misconduct, and now appeals the district court's order granting summary judgment in Federal's favor and dismissing Delta II as barred by the doctrine of res judicata.
 
 I.
 
 4
 Delta fails to provide any probative evidence that Federal either failed to cooperate with Delta, or acted frivolously or without reasonable justification in its handling of Delta's claim. Starczewski v. Unigard Ins. Group, 810 P.2d 58, 61 (Wash.App.1991) (holding an insurer acts in bad faith only if there is "no reasonable justification" for its actions); Miller v. Indiana Ins. Cos., 642 P.2d 769, 771 (Wash.App.1982) ("Bad faith requires a showing of a frivolous and unfounded denial of benefits.").
 
 
 5
 It is undisputed that Delta delayed for over two years in filing its claim, that Federal granted Delta several extensions for such filing, and that Federal paid Delta an amount three to five times greater than the loss as established by a mutually agreed to appraisal panel. When these uncontested facts are coupled with Delta's lack of evidence in support of its allegation of bad faith, summary judgment in favor of Federal is appropriate.
 
 II.
 
 6
 Delta contends that the district court erred in dismissing Delta II as barred by res judicata because (1) the claim in Delta II is different than that in Delta I and (2) neither the appraisal determination nor the summary judgment order in Delta I was a final judgment on the loss amount due Delta.
 
 
 7
 First, Delta I and Delta II clearly involve the same set of facts since both claims arose out of the water damage sustained to Delta's business premises in December 1987. The claim of appraiser bias and misconduct could have been raised in Delta I because Delta had notice of the prior associations between Allen Werlinger (a member of the appraisal panel) and two of Federal's expert witnesses, and knowledge of the manner in which the appraisal proceeding was conducted prior to Delta I. Accordingly, there was an identity of claims for the purposes of res judicata. Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir.1992), cert. denied, 506 U.S. 1050 (1993); see also C.D. Anderson & Co., Inc. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987).
 
 
 8
 Second, there was a final judgment as to the loss amount due Delta. During oral argument in Delta I, counsel for Delta stated that Delta's only remaining claim after this appraisal determination was Federal's bad faith refusal to advise Delta how to document and to preserve evidence of its loss. Delta thereby waived any objections it may have had to the validity of the appraisal determination itself. Accordingly, when the Delta I court granted Federal's Renewed Motion for Summary Judgment, the appraisal was translated into the terms of a final judgment, and may not now be attacked collaterally.
 
 
 9
 Because this case at no time involved arbitration, Delta's contention that the Washington arbitration statute permits it to challenge the appraisal determination is baseless. The appraisal determination which gave rise to summary judgment in Delta I arose from a contractual appraisal provision in the insurance policy.
 
 
 10
 For the foregoing reasons, Delta is precluded by the doctrine of res judicata from bringing the petition to vacate the appraisal award. Davis Wright & Jones v. National Union Fire Ins., 709 F.Supp. 196, 198 (W.D.Wash.1989).
 
 III.
 
 11
 The judgments of the district courts are AFFIRMED.
 
 
 
 *
 The Honorable William D. Browning, United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3