**In re PINTLAR CORPORATION and Gulf USA Corporation, Debtors.**

**PINTLAR CORPORATION et al., Plaintiffs,**

v.

**The FIDELITY AND CASUALTY COMPANY OF NEW YORK, et al., Defendants.**

**Adv. No. 94–6291.**
**Bankruptcy Nos. 93–02986, 93–02987.**

United States Bankruptcy Court,
D. Idaho.

Feb. 28, 1997.

---

Dianne Coffino and Richard B. Sypher, Dewey Ballantine, New York City; and Terry L. Meyers, Givens Pursley & Huntley, Boise, ID, for Plaintiffs.

Barry Ostrager and Eric S. Berkowitz, Simpson Thacher & Bartlett, New York City and Robert J. Fasnacht, Wetzel & Fasnacht, Coeur d'Alene, ID, for Defendant Fidelity and Casualty Company of New York and Continental Insurance Company.

Peter C. Erbland, Brook & Miller, Coeur d'Alene, ID, and J. Randolph Evans, Arnall Golden & Gregory, Atlanta, GA, for Cigna Insurance Company.

Jed W. Manwaring, Evans Keane, Boise, ID, for National Union Fire Insurance Company of Pittsburgh.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Bankruptcy Judge.

The Plaintiffs in this adversary proceeding, Gulf USA Corporation ("Gulf") and Pintlar Corporation ("Pintlar") move for partial summary judgment seeking to establish liability on the part of the insurer Defendants, Continental Insurance Company, Fidelity & Casualty Co., National Union Fire Insurance Company of Pittsburgh, and Cigna Insurance Company ("Defendants").

The Defendants also move for summary judgment in their favor on the same issue. The liability issue depends on the interpretation of a clause in the Defendants' policies commonly termed an "insured v. insured" exclusion clause.

### BACKGROUND

An adversary proceeding was filed in this court by Gulf in its capacity as a. Chapter 11 debtor in possession on January 27, 1994, against former officers and/or directors of Gulf. This action is referred to as the "D & O" action.

After the D & O complaint was filed, Gulf made demand on the present defendants to supply coverage under their D & O policies issued to Gulf. The Defendants denied coverage based, principally, on the "insured v. insured" clauses in their respective policies.

On November 17, 1994, Gulf and Pintlar, as Chapter 11 debtors in possession, entered into a trust agreement with H.P. Harbert, the president of Pintlar. The trust agreement provided for the assignment of the Gulf and Pintlar claims against the former officers and directors in the D & O action to H.P. Harbert and other, then unnamed, individuals for prosecution. Provision was made in the trust agreement for designation of the other trustees in the prospective plan of reorganization. The trust agreement excluded Gulf and Pintlar, or any of their surviving or successor entities, from receiving any benefit from the trust or from the prosecution of the claims against the former officers and di-

rectors. Pintlar and H.P. Harbert were added as parties Plaintiff in the complaint in the D & O action.

The consolidated plan of reorganization of Gulf and Pintlar was confirmed by this Court on June 29, 1995. Bernard Goodson, Ford Elsaesser, Lloyd Finley and Jay J. Miller ("Trustees") were substituted as the Plaintiff trustees in lieu of H.P. Harbert in the D & O action.

Because of the previous denials of coverage, the instant adversary proceeding was filed.

The motions for summary judgment raise the issue of the applicability of the "insured v. insured" clauses to the Trustees as Plaintiffs. The "insured v. insured" clauses exclude the liability of the Defendants for claims brought by Gulf and Pintlar. The issue is whether the clauses exclude coverage for claims brought by the litigation Trustees.

## DISCUSSION

■ Simply stated, an "insured v. insured" exclusion prevents one insured, such as a corporation, from suing another insured, such as an officer or director.[1] The Plaintiffs claim the trustees of the litigation trust who now hold and are prosecuting the causes of action are not an "insured" entity and the exclusions do not apply. The Defendants take the opposite position.

Both Plaintiffs and Defendants argue in favor of a "plain wording" ruling. The Plaintiffs contend the adversary proceedings are neither brought "by" or "on behalf of" Gulf and Pintlar. The Defendants claim the litigation trustees are the alter ego of Gulf and Pintlar for the purpose of the exclusion, and that the transfer of the causes of action is nothing more than an assignment to avoid the exclusion.

■ If the causes of action belong to the same entity as Gulf and Pintlar, the "insureds" under the policy, the exclusions are applicable. Further, the exclusions cannot be avoided by the process of assigning the claims to another entity merely for the purpose of avoiding the exclusion.

The *Bildisco* decision (*N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984)) defines a Chapter 11 debtor in possession as the same entity as the pre-Chapter 11 debtor.

A debtor in possession, however, is afforded different rights and obligations under title 11 of the United States Code. Further rights and duties may be afforded a post confirmation Chapter 11 debtor by the provisions of a confirmed Chapter 11 plan. Those duties are, in these cases, to liquidate the assets of the corporations for the benefit of the creditors, as opposed to pursuing causes of action on behalf of the confirmed plan to reorganize a Chapter 11 debtor[2]. A Trustee appointed in a Chapter 11 case is not the same entity as a pre-Chapter 11 debtor, yet a Chapter 11 debtor fulfills the same functions as a Chapter 11 Trustee[3].

In this context, the actions are not being brought "by the corporations" or "on their behalf". Nor are the litigation trustees the "alter ego" of Gulf and Pintlar.

Gulf and Pintlar, either in their capacities as pre-filing corporations or as debtors in possession are for all practicable purposes nonexistent. Although Gulf and Pintlar have not been liquidated in the ordinary sense of the term, the assets and liabilities of these entities have, for the most part, been dedicated to the purpose of fulfilling the terms and conditions of the confirmed plan of reorganization. The primary purpose of the plan is

---

1. The "insured v. insured" exclusions resulted, previously, from the decision in *National Union Fire Insurance Co. v. Seafirst Corp.*, 662 F.Supp. 36 (W.D.Wash.1986).

2. Ancillary to this duty is an increased fiduciary duty to the creditors. *Wolf v. Weinstein*, 372 U.S. 633, 649–650, 83 S.Ct. 969, 979–980, 10 L.Ed.2d 33 (1965). See generally, Melanie K. Palmore, Comment: *"INSURED v. INSURED" EXCLUSIONS IN DIRECTOR AND OFFICER LIABILI-TY INSURANCE POLICIES: IS COVERAGE AVAILABLE WHEN CHAPTER 11 TRUSTEES AND DEBTORS–IN–POSSESSION SUE FORMER DIRECTORS AND OFFICERS?* 9 Bankr. Dev.J. 101 (1992).

3. 11 U.S.C. § 1106(a)(1): "A trustee shall ... perform the duties of a trustee specified in sections 704(a), 704(5), 704(7), 704(8), and 704(9) of this title."

to marshal the remaining assets of Gulf and Pintlar for payment of creditors. These creditors include primarily, the Gulf and Pintlar pensioners, the Environmental Protection Agency, the Coeur d'Alene Indian Tribe, and the shareholders of the corporations.

The claims against the officers and directors now belong to the creditors acting through the litigation trustees. These are the same claims a shareholder could have pursued prior to the filing of the Chapter 11 petitions. After the filing of the Chapter 11 petitions, these claims were barred by the section 362 automatic stay. The defendants' coverage would have extended to these shareholders' derivative actions.

The situation is similar to the Federal Deposit Insurance Corporation cases interpreting the "insured v. insured" clauses [4].

*Federal Deposit Insurance Corporation v. National Union Fire Insurance Co. of Pittsburgh,* 630 F.Supp. 1149 at 1157 states:

> To the extent that the FDIC represents the failed bank's shareholders, however, it is suing in the same capacity as the failed bank. Yet, to the extent that such action is analogous to a shareholders' derivative action coverage may be provided.

In the instant case, the litigation Trustees are not acting for the benefit of the corporation, but for the benefit of the corporation's creditors, including the shareholders.

A partial summary judgment is authorized on behalf of the Plaintiffs. The motion of the Defendants for summary judgment will be denied.

A separate order will be entered.

---

4. *See, Federal Deposit Insurance Corporation v. National Union Fire Ins. Co. of Pittsburgh, PA, et al.,* 630 F.Supp. 1149 (D.C.W.D.La.); *FDIC v. American Bank Trust Shares, Inc.,* 460 F.Supp. 549 (D.S.C.1978); and *Mount Holly Insurance Company v. Federal Savings and Loan Insurance Corporation.*