315 B.R. 674 (2003)
In re R.J. REYNOLDSPATRICK COUNTY MEMORIAL HOPITAL, Inc., Debtor.
Roy M. Terry, Jr., Trustee of the R.J. ReynoldsPatrick County Memorial Hospital, Inc., Organization Trust, Plaintiff,
v.
Federal Insurance Company, John M. Faulkner, and Alan Smith, Defendants.
Bankruptcy No. 99-03471-WA4-11. Adversary No. 03-00004.
United States Bankruptcy Court, W.D. Virginia, Lynchburg Division.
August 15, 2003.
*676 A. Carter Magee, Magee Foster Goldstein & Sayers, Roanoke, VA, for debtor.
Barrett Pope, Durrette Bradshaw PLC, Richmond, VA, for plaintiff.
John M. Faulkner, pro se.

MEMORANDUM
WILLIAM E. ANDERSON, Bankruptcy Judge.
This matter comes before the court on a motion to dismiss filed by the defendant Federal Insurance Company ("Federal"). The motion will be treated as a motion for summary judgment. The motion will be granted. Judgment shall be entered in favor of Federal Insurance Company.

Facts
The facts are not in dispute. Defendant John M. Faulkner ("Faulkner") served as President and Chief Executive Officer of the R.J. ReynoldsPatrick County Memorial Hospital, Inc., ("the Debtor") from December of 1997 through June of 1999. Alan Smith ("Smith") served as Chief Financial Officer of the Debtor from January 21,1998, through June 16,1999.
On or about November 27, 2000, the Debtor and Federal executed an Executive Protection Policy ("the Policy"). Under the Policy, Federal agreed to indemnify directors and officers of the Debtor for all losses for which those directors and officers were not indemnified by the debtor for which those directors and officers became legally obligated as the result of the commission of a "wrongful act", as that term is defined in the Policy. The Policy also contained certain exceptions to coverage, including an insured-versus-insured ("IVI") exception, which is discussed below.
On November 17, 1999, the Debtor filed a chapter 11 petition with the Clerk of this court. On March 9, 2001, the court confirmed the Debtor's plan of reorganization ("the Plan"). The Plan provided for the creation a trust, the R.J. ReynoldsPatrick County Memorial Hospital, Inc., Organization Trust ("the Trust"). The Plan designated Roy M. Terry, Jr., ("the Trustee") as the trustee of the Trust. The Plan also provided that the Debtor would, on or before the effective date of the Plan, transfer to the Trust all claims against directors and officers.
On November 19, 2001, the Trustee commenced an adversary proceeding[1] against Faulkner and Smith by filing a complaint in this court seeking a recovery for damages allegedly resulting from various actions taken by Faulkner and Smith in their capacities as officers of the Debtor.
On or about November 29, 2001, the Trustee notified Federal that it had made claims against Faulkner and Smith which might give rise to a claim against Federal under the Policy. On December 19, 2001, Federal denied coverage for this matter on the grounds that the claims asserted by the trustee were excluded by virtue of the IVI clause in the Policy.
On January 29, 2003, the Trustee filed the instant complaint seeking a declaration that Federal must indemnify its insureds, Faulkner and Smith, for any damages that may have been caused by their alleged wrongful acts.

Discussion
This court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(b)(2)(A). This motion is brought under Fed.R.Civ.P. 12(b)(6), as incorporated by Fed. R.Bankr.P. 7012(b). Rule 12(b)(6) provides that a complaint may be dismissed if *677 it fails to state a claim upon which relief may be granted. Because Federal presented matters outside the pleadings, the motion must be treated as one for summary judgment and disposed of as provided in Fed.R.Civ.P. 56. Fed.R.Civ.P. 12(c) as made applicable in this proceeding by Fed. R. Bankr.P. 7012. Gadsby v. Grasmick, 109 F.3d 940, 949 (4th Cir.1997).
A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The court may not try issues of fact on a Rule 56 motion but may only determine whether there are issues to be tried. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d, § 2712, p. 205-6 (1998) (Citations omitted.). Summary judgment is improper if the existence of material fact issues is uncertain. Id. at 201. In the case at bar, neither party has disputed a factual allegation made by the other. Accordingly, the motion will be treated as a motion for summary judgment.
The Trust seeks a judgment declaring that Federal is obligated to indemnify Faulkner and Smith for any loss incurred as the result of claims brought by the Trust against them. The Policy provides in relevant part:
[Federal] shall pay on behalf of [Faulkner or Smith] all loss for which [Faulkner or Smith] is not indemnified by [the Debtor] and [for] which [Faulkner or Smith] becomes legally obligated to pay on account of any claim first made against [either of them], individually or otherwise during the policy period ...
[Federal] shall pay on behalf of [the Debtor] all [covered] loss for which [the Debtor] grants indemnification to [Faulkner or Smith].[2]
In other words, Federal agreed to indemnify Faulkner and Smith against any loss arising from certain causes of action filed against them. Federal also agreed to indemnify the Debtor if the Debtor indemnified Faulkner and Smith for losses arising from those same certain causes of action filed against them. There are exceptions to this coverage.
The Policy excludes claims which are "brought or maintained by or on behalf of any Insured". This exception includes any claims that are brought or maintained by or on behalf of the Debtor. There is an exception to this exception. The exception does not apply to:
a Claim that is derivative action brought or maintained on behalf of [the Debtor] by one or more persons who are not Insured persons, and who bring or maintain the Claim without the solicitation, assistance or participation of [the Debtor]...
This exception to the exception contains its own exception. It excludes coverage for derivative actions brought with the "solicitation, assistance, or participation" of the Debtor.
*678 The term of coverage and its exceptions may be paraphrased thus: Federal will indemnify loss resulting from any claim brought for certain wrongful acts committed by Faulkner or Smith unless (1) the claim is brought by, maintained by, or brought on behalf of, the Debtor or (2) the claim is a derivative action brought or maintained on behalf of the Debtor by someone other than the Debtor with the solicitation, assistance or participation of the Debtor.
Before we continue, it is necessary to distinguish between the two sets of claims that the Trustee asserts exist. First, the Trustee asserts claims against Faulkner and Smith for the commission of wrongful acts ("the Underlying Claims"). Second, the Trustee asserts that Faulkner and Smith have a claim against Federal for indemnification of any damages for loss arising from the prosecution of the underlying claims ("the Insurance Claims"). It is the source of the Trustee's standing to assert Underlying Claims that determines whether there is coverage under the Policy.
So, in what capacity, that is, on what basis of standing, does the Trustee bring the Underlying Claim against Faulkner and Smith? There are two possibilities. First, the Trustee could bring them on the basis of the provision in the plan that transferred to the Trust any claims held by the Debtor against directors and officers. Second, the Trustee could bring the Underlying Claims as a representative of creditors.
The Trustee first has standing to bring the Underlying Action by virtue of the assignment of claims under the Plan. A confirmed plan restructures the contractual relationships between the debtor and other parties; a confirmed plan is a contract. An order confirming a chapter 11 plan is a judgment that gives the plan the status of a valid contract. "The rights and duties of creditors and the debtor are determined by the confirmed chapter 11 plan..." In re Grinstead, 75 B.R. 2, 3 (Bankr.D.Minn.1985). "Since confirmation binds both debtors and creditors to the terms of a confirmed plan, it effectively replaces debtors' pre-petition obligations to creditors, which were discharged, with the obligations to those creditors set forth in the confirmed plan." In re Depew, 115 B.R. 965, 966 (Bankr.N.D.Ind.1989).
The provision in the Plan that transferred any claims against Faulkner and Smith from the Debtor to the Trust, and the Trustee, constituted a voluntary assignment of claims by contract. An assignee steps into the shoes of the assignor and takes the assignment subject to all prior equities between previous parties, and his situation is no better of the assignor. 2A Michie's Jurisprudence of Virginia and West Virginia, "Assignments" § 29, p. 284 (1993, rev.) and citations therein, including Hartford Accident & Indemnity Co. v. Board of Educ. of District of Beaver Pond, 15 F.2d 317, 319 (4th Cir.1926) ("[T]he right of plaintiff[-assignee] to recover on the claims sued on is no greater than that of the laborers and materialmen whose claims were assigned...").
But the fact that the Trustee steps into the shoes of the Debtor with regard to the Underlying Claims does not necessarily trigger the IVI exception. Rather, the determining factor is that the Trustee steps into the shoes of the Debtor by virtue of a voluntary affirmative act of the Debtor, not by the involuntary appointment of a chapter 11 trustee.[3]
*679 This court has found only one case in which a court considered whether an entity appointed pursuant to a confirmed chapter 11 plan that was drafted and filed by the debtor was subject to the exclusion in an IVI clause. See Pintlar Corporation, et al. v. Fidelity and Casualty Company of New York, et al., 205 B.R. 945 (Bankr.D.Idaho 1997). In Pintlar, the debtor-in-possession filed a complaint against former directors and officers of the debtor. The insurer, Fidelity and Casualty Company of New York, denied coverage under a D & O policy on the basis of an IVI clause that contained language almost identical to that in the case at bar. The debtor then assigned the claims under a trust agreement to the president of the debtor and other unnamed individuals. Provision was made in the trust agreement for the designation of the other trustees, designated "litigation trustees", in the prospective plan of reorganization. The plan was confirmed and other individuals were named as the trustees in place of the president of the debtor.
Fidelity argued that the litigation trustees were the alter ego of the debtor for purposes of the exclusion and that the transfer of the causes of action was nothing more than a transfer to avoid the exclusion. The court agreed and concluded that:
If the causes of action belong to the same entity as [the debtor], the "insureds" under the policy, the exclusions are applicable. Further, the exclusions cannot be avoided by the process of assigning the claims to another entity merely for the purpose of avoiding the exclusion.
Pintlar, at 947.[4] In the case at bar, the Debtor's voluntary creation of the Trust and assignment of the Underlying claims against Faulkner and Smith does not permit either the Debtor or the Trustee to circumvent the exclusion provided by the IVI clause.
It is important to distinguish Pintlar and the case at bar from cases cited by the parties to this dispute. The Trustee cites In re Molten Metal Technology, Inc., 271 B.R. 711 (Bankr.D.Mass.2002) for the proposition that an IVI clause in a D & 0 Policy is applicable when a chapter 11 trustee brings a cause of action against directors or officers.
The critical distinction between Molten Metal and the case at bar is that the Trustee in this case obtained standing by virtue of the Debtor's voluntary assignment, through the Plan, of claims against the directors and officers and not by the appointment of a chapter 11 trustee, an act that is almost always effected in contravention of the wishes of a debtor. As noted in Pintlar, a debtor cannot avoid the limitations imposed by an IVI clause in a D & 0 policy to which it was a party by assigning any claims that it may have against the directors and officers of the corporation.
This reasoning is bolstered by an examination of the difference between a prebankruptcy debtor, a debtor-in possession, and a chapter 11 trustee. A pre-petition debtor is the same entity as a debtor-inpossession, but a debtor-in-possession is not the same entity as a chapter 11 trustee.
*680 The Bildisco decision (N.L.R.B. v. Bildisco & Bildisco, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984)) defines a Chapter 11 debtor in possession as the same entity as the pre-Chapter 11 debtor.
A debtor in possession, however, is afforded different rights and obligations under title 11 of the United States Code. Further rights and duties may be afforded a post confirmation Chapter 11 debtor by the provisions of a confirmed Chapter 11 plan. Those duties are, in these cases, to liquidate the assets of the corporations for the benefit of the creditors, as opposed to pursuing causes of action on behalf of the confirmed plan to reorganize a Chapter 11 debtor [Footnote omitted]. A Trustee appointed in a Chapter 11 case is not the same entity as a pre-Chapter 11 debtor, yet a Chapter 11 debtor fulfills the same functions as a Chapter 11 Trustee [Footnote omitted].
Pintlar at 947. Because a chapter 11 debtor-in-possession is a different entity than a chapter 11 trustee that is appointed by the court, claims by a debtor-in-possession, or its assignee, against a director or officer might possibly be precluded by an IVI clause while the same action against the same director or officer brought by a chapter 11 trustee in the same case might not be excluded by an IVI clause.
The Trustee also cites In re County Seat Stores, 280 B.R. 319 (Bankr.S.D.N.Y.2002) in support of the proposition that a chapter 11 trustee is not the same entity as the debtor for purposes of an IVI exclusion. The case is distinguishable because the plaintiff in that case was a chapter 11 trustee. And, as the court in County Seat Stores noted, a chapter 11 trustee is more than a mere assignee. The court stated:
It is the trustee's position as an officer of the court and statutory entity, and not a mere assignee or successorin interest, that requires a holding that he is not the same entity as County Seat, and as a truly adverse party does not (or should not) invoke fears of collusion.
County Seat Stores, 280 B.R. at 327. The Trustee in this case is a mere assignee. His rights arise by virtue of provisions in the plan, not directly by operation of statute. The concerns about collusion remain and the conclusion in Pintlar is applicable.
Two other cases cited by the Trustee also concern the rights of a trustee appointed by statute. See NARATH v. Executive Risk Indemnity, Inc., 2002 WL 924231, 2002 U.S. Dist. LEXIS 8162 (D.Mass.2002) (Chapter 11 trustee appointed.) In re Buckeye Countrymark, Inc., 251 B.R. 835 (Bankr.S.D.Ohio 2000) (Chapter 7 trustee appointed.). Another case cited by the Trustee, Alstrin v. St. Paul Mercury Insurance Co., 179 F.Supp.2d 376 (D.Del.2002), concerns very different facts from this case, that is, whether an "estate representative" who brought a derivative action against directors and officers in concert through a pre-petition class action suit should be denied coverage under an IVI clause. The important distinction in Alstrin is that in that case the action was brought pre-petition without the participation of the debtor.
The policy concerns that give rise to the inclusion of an IVI clause in a D & O Policy also illuminate the difference between this case and Molten Metal and other cases cited by the Trustee. A primary reason that insurers require that IVI clauses be included in D & O policies is to avoid the possibility of collusion between the corporation and the directors and officers. In Molten Metal the Court reasoned that it need not place any reliance on the purpose of the exclusion because chapter 11 trustees have no incentive to collude with directors and officers. Molten Metal *681 at 728. In a ease in which the debtor voluntarily transfers the causes of action to a third party, there is the distinct possibility of collusion between the debtor and the directors and officers.[5] Furthermore, the debtor may have an incentive to assign its claims against the directors and officers, without colluding with them, in order to obtain a larger concession from the creditors. This is especially true when the plan is a plan of reorganization and the debtor contemplates continuing its operations.[6]
Federal cites Hyde v. Fidelity & Deposit Company of Maryland, 23 F.Supp.2d 630 (D.Md.1998) for the proposition that coverage is excluded under the IVI clause. In Hyde, a case that was decided under Virginia law, the Resolution Trust Corporation ("RTC") investigated the directors of a bank regarding a loan made to one borrower in excess of the loans-to-one borrower limit. The matter was settled. The bank paid the settlement amount, but refused to pay the directors' legal fees. The directors sought indemnification for the legal fees from the insurance. The court concluded that the IVI exclusion excepted coverage of the claims brought by the RTC. The Court reasoned that the RTC may have been acting for the benefit of creditors and shareholders, but it was doing so by acting on behalf of the bank.
In Hyde, as in Molten Metal the plaintiff (RTC) obtained standing to bring the causes of action as the result of an involuntary transfer of the causes of action against the debtor, not as the result of a voluntary assignment by the debtor. Neither Hyde nor Molten Metal inform the analysis in this case, because the facts in each case differ substantively from the case at bar.
The second method by which the Trust may assert standing to prosecute the Underlying Claims is as an agent for the creditors. Any such action brought by the Trust on behalf of the creditors must, by definition, be a derivative action.
It is clearly the law, at least in most jurisdictions, and certainly in Virginia, that no direct action lies to a creditor of a corporation against its directors, who are its agents (except in special instances of which this case is not one), for improper performance or failure in performance of their duties. This is a right belonging to the corporation only, or its legal successors to the right. The creditors must sue, not for any direct right of action in them, but in the right of the corporation, after the corporation, or its proper representatives, have refused to act.
Anderson v. Bundy, 161 Va. 1, 171 S.E. 501 (1933) (Emphasis added.).
To sue "in the right of a corporation" is to sue "on behalf of a corporation". The Policy provides for an exception to the IVI exception. It provides that a creditor may bring an action against the directors and *682 officers of a corporation on behalf of the corporation without being subject to the provisions of the IVI clause. But there is an exception to the IVI clause for derivative actions brought on behalf of the corporation. The IVI clause does not apply to "a Claim that is derivative action brought or maintained on behalf of [the Debtor] by one or more persons who are not Insured persons, and who bring or maintain the Claim without the solicitation, assistance or participation of [the Debtor] ..."
The next question, then, is whether the Trustee in this case may be said to have brought the action against Faulkner and Smith without the "solicitation, assistance or participation" of the Debtor. The answer is no. The Debtor drafted the Plan. The Debtor provided through the Plan for the creation of the Trust and for the appointment of the Trustee. By creating a legal entity to sue on behalf of the creditors, the Debtor solicited the action against Faulkner and Smith. By voluntarily assigning the claims to the Trust, the Debtor assisted in the prosecution of the claims against Faulkner and Smith. It follows that the Trustee now brings the action against Faulkner and Smith only with the solicitation, assistance, or participation of the Debtor.

Conclusion
The Trust's standing to bring an action against Faulkner and Smith is based either on the assignment of the claims against Faulkner and Smith under the Plan or its representation of the unsecured creditors of the Debtor in a derivative action against the corporate Debtor. The Policy excludes any action filed by a party acting in either of these capacities. Partial summary judgment shall be entered in favor of the defendant Federal Insurance, Inc.
An appropriate judgment shall issue.
Upon entry of this Memorandum the Clerk shall forward copies to Roy M. Terry, Esq., Jonathan A. Constine, Esq., and the United States trustee.

PARTIAL JUDGMENT
For the reasons stated in the accompanying memorandum,
It is ORDERED ADJUDGED and DCREED that judgment shall be entered in favor defendant Federal Insurance Company and against the plaintiff, Roy M. Terry, Trustee of the R.J. Reynolds-Patrick County Memorial Hospital, Inc., Trust. Federal Insurance Company has no obligation under the Executive Protection Policy Number XXXX-XX-XXD to indemnify defendants John M. Faulkner and Alan Smith based on the causes of action pleaded in the complaint filed in Adv. No. 03-00004A.
No Judgment is entered at this time with respect to defendants other than Federal Insurance Company.
Upon entry of this Memorandum the Clerk shall forward copies to Roy M. Terry, Esq., Jonathan A. Constine, Esq., and the United States trustee.
NOTES
[1] The proceeding was designated as Adv. Proc. No. 01-000196A.
[2] Without the parentheses, the portion of the Policy quoted above reads:

[¶ 1.] The Company shall pay on behalf of the Insured Persons all loss for which the Insured Person is not indemnified by the Insured Organization and which Insured person becomes legally obligated to pay on account of any claim first made against him, individually or otherwise during the policy period or if exercised, during the Extended Reporting Period, for a Wrongful Act committed, attempted, or allegedly committed or attempted by such Insured Person before or during the Policy Period.
[¶ 2.] The Company shall pay on behalf of the Insured Organization all Loss for which the Insured Organization grants indemnification to each Insured Person ...
[3] The court does not reach in this case the issue of whether a chapter 11 trustee appointed pursuant to an order of the court is subject to the exclusion in an IVI clause.
[4] The court in Pintlar did rule that the litigation trustees could proceed with the prosecution of the claims against the directors and officers as representatives of the creditors in a derivative action. There was no discussion concerning whether an exclusion applied to the litigation trustees in that capacity.
[5] All discussion of incentives for collusion in this memorandum are presented in the context of hypothetical scenarios. This court does not mean to imply that the debtor in this case has engaged in any collusive activity. This discussion is included only to distinguish the policy concerns that arise in this case from those concerns that are specifically rejected by the Court in Molten Metal.
[6] The Court in Molten Metal also based its reasoning in part on the fact that the IVI clause excluded actions "brought by" the debtor not those "brought by or on behalf of" the debtor. The Court concluded that when the term "brought by" is used in an IVI clause, the emphasis "is on who is bringing the claim, not who it initially belonged to". This argument is not applicable to the case at bar, because the IVI clause in the Policy includes the language "brought by or on behalf of".