[Nos. 14017–5–I; 14018–3–I.   Division One.   September 3, 1985.]

Maria Jose Da Silva Alcantara, et al, *Respondents,*
v. The Boeing Company, *Petitioner.*

Thomas M. Keller, *as Administrator, Respondent,*
v. The Boeing Company, *Petitioner.*

*Perkins, Coie, Stone, Olsen & Williams, Steven S. Bell,* and *Sherilyn Peterson,* for petitioner.

*Krutch, Lindell, Judkins & Keller, Inc., P.S.,* and *Richard Krutch,* for respondents.

SWANSON, J.—This is a consolidated case in which The Boeing Company seeks review of that portion of the superior court order denying its summary judgment motion for dismissal. Boeing claims that direct estoppel precludes the state court action.

The two consolidated actions arose out of the November 19, 1977 crash upon landing at a Portuguese airport of a Boeing 727 airplane operated by Transportes Aereos Portugueses (TAP) during an intra-Portugal flight in which 132 people aboard the plane were killed and the remaining 32 people were injured. The crew were Portuguese citizens and nearly all of the passengers were either Portuguese or other European citizens. In November 1980, personal injury actions in Alcantara v. The Boeing Company and wrongful death actions in Keller v. The Boeing Company were filed in King County Superior Court on behalf of 15 foreign survivors and 74 decedents, respectively. The Superior Court denied Boeing's motion for summary judgment or for forum non conveniens dismissal. Upon Boeing's motion, we granted discretionary review.[1]

Macedo v. The Boeing Company had been filed in June 1979, in the District Court for the Northern District of Illinois. All of the survivors and decedents in the King County actions were represented in this action. In November 1979, this action was separated into two diversity actions. One of these actions was Boskoff v. TAP, brought by five American plaintiffs against TAP on account of the deaths of the only two United States passengers on the flight. The other action, Macedo v. The Boeing Company, was a suit against Boeing and the American component manufacturers on behalf of 15 foreign survivors and 76 decedents. Six Americans, none Illinois residents, were plaintiffs in Macedo. Illinois District Court Judge Frank McGarr conditionally

---

[1]Because Boeing elected not to present any arguments as to the denial of its *forum non conveniens* dismissal motion, that portion of the trial court's judgment is not properly before this court on review. *See* RAP 10.3(a)(5); *In re Ott,* 37 Wn. App. 234, 239–40, 679 P.2d 372 (1984).

granted the defendants' forum non conveniens dismissal motions in both actions, on grounds that Portugal was the only convenient forum.

Upon appeal, the Seventh Circuit Court of Appeals reversed the dismissal decision and remanded the cause for consideration in the weighing process of (1) the defendants' alleged need for evidence located in Portugal, (2) the defendants' conduct that cast doubt on their conclusion that litigation in Portugal would be more convenient, (3) the plaintiffs' asserted need for discovery as to the manufacturer defendants under federal rules, and (4) the financial burden that would be imposed, particularly on the American plaintiffs, in bringing the action in Portugal. In addition, the District Court was directed to consider the motion to transfer the actions to the United States District Court for the Western District of Washington.

On remand, Judge McGarr granted without prejudice TAP's motion to dismiss the Boskoff action on grounds that a prior action was pending in another court.[2] After considering the four factors specified by the circuit court, as well as the motion to transfer the actions to Washington, the District Court found that the Western District of Washington was not a more convenient forum for the action than Portugal and conditionally granted Boeing's renewed forum non conveniens dismissal motion in Macedo. The conditions were that all defendants consent to the jurisdiction of the courts of Portugal, waive any statute of limitations defense that could have been asserted, and submit to pretrial discovery in Portugal governed by the federal Rules of Civil Procedure and that the plaintiffs retain the right to reinstate the action if the other conditions were not observed.

The issue here is whether direct estoppel precludes the

---

[2]The Boskoff plaintiffs, in addition to suing TAP in Illinois, had sued both TAP and Boeing in a New York state court. Since the New York Supreme Court's Appellate Division had affirmed the denial of TAP's and Boeing's motion to dismiss on forum non conveniens grounds, under New York law TAP and Boeing had no further appeal as of right from the denial of their motion.

Washington state court actions where an Illinois federal district court had dismissed on forum non conveniens grounds a prior action on the same cause between the same parties after expressly finding that Washington was not a more convenient forum for this action than Portugal.

██ Under 28 U.S.C. § 1738, which implements U.S. Const. art. 4, § 1,[3] a state court must accord full faith and credit to a federal court's judgment. *See, e.g., Stoll v. Gottlieb,* 305 U.S. 165, 83 L. Ed. 104, 59 S. Ct. 134, 136–37, *reh'g denied,* 305 U.S. 675 (1938); 1B J. Moore, *Federal Practice* ¶ 0.406[1], at 267 n.7 (1984). The federal constitution's full faith and credit clause, article 4, section 1, or supremacy clause, article 6, clause 2, or federal statutes or rules of decision may require that a federal court's prior judgment be given preclusive effect in a subsequent state court action. Restatement (Second) of Judgments § 28, comment *e,* at 280–81 (1982). The preclusive effect of a federal judgment in a diversity case is governed by federal law. *Stovall v. Price Waterhouse Co.,* 652 F.2d 537, 540 (5th Cir. 1981); *Cemer v. Marathon Oil Co.,* 583 F.2d 830, 831–32 (6th Cir. 1978); *Kern v. Hettinger,* 303 F.2d 333, 340 (2d Cir. 1962).

██ The issue preclusion doctrine, closely related to the res judicata, or claim preclusion, doctrine,[4] is expressed in

---

[3]The United States Const. art. 4, § 1, provides:

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof."

28 U.S.C. § 1738 states in pertinent part:

"The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

[4]"Under the principle of claim preclusion [or res judicata], a final judgment on the merits is conclusive between the parties in a second action on the same claim as to all matters which were or might have been decided." *Mizokami Bros. v. Mobay Chem. Corp.,* 660 F.2d 712, 715 n.2 (8th Cir. 1981).

the Restatement (Second) of Judgments § 27 as follows:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

Issue preclusion in a second action on the same claim is direct estoppel and on a different claim is collateral estoppel. Restatement § 27, comment *b,* at 251–52.

A prior forum non conveniens[5] dismissal precludes relitigation between the parties of those issues of law and fact actually litigated and necessary to the dismissal decision. *Mizokami Bros. v. Mobay Chem. Corp.,* 660 F.2d 712, 715 (8th Cir. 1981) (citing *Southern Pac. R.R. v. United States,* 168 U.S. 1, 48–49, 42 L. Ed. 355, 18 S. Ct. 18, 27 (1897)). Here the respondents do not claim that the parties in the prior federal and present state court actions are different or that the issue of Washington as an appropriate forum for this litigation was not necessary to the Illinois federal District Court's forum non conveniens dismissal decision.[6]

Thus the question is whether the forum non conveniens issue decided by the Washington state court was actually litigated and determined between the parties in the Illinois federal district court action.[7] In making this determination

---

[5]"Forum non conveniens refers to the discretionary power of a court to decline jurisdiction when the convenience of the parties and the ends of justice would be better served if the action were brought and tried in another forum." *Johnson v. Spider Staging Corp.,* 87 Wn.2d 577, 579, 555 P.2d 997 (1976).

[6]However, since the Seventh Circuit Court of Appeals expressly mandated that on remand the District Court consider the motion to transfer the actions to the Western District of Washington, *Macedo v. Boeing Co.,* 693 F.2d 683, 691 (7th Cir. 1982), the issue of Washington as an appropriate forum was necessary to the District Court's reiterated decision that Portugal was the appropriate forum for this litigation.

[7]To prevent repetitious litigation of essentially the same dispute, among the factors to be considered in delineating the issue on which litigation is, or is not, foreclosed by a prior judgment are whether there exists a
> substantial overlap between evidence and argument, whether the new evidence or argument involves application of the same rules of law, whether pretrial

the appellate court must examine the objective criteria that were applied in deciding the forum non conveniens question and the material facts underlying the application of those criteria. If the objective legal criteria and the underlying material facts in the prior federal and subsequent state determinations were identical, then the prior court's decision precluded the relitigation of the same forum non conveniens issue. *Parsons v. Chesapeake & O. Ry.*, 375 U.S. 71, 11 L. Ed. 2d 137, 84 S. Ct. 185, 186 (1963); *Mizokami*, at 716; *Pastewka v. Texaco, Inc.*, 565 F.2d 851, 854 (3d Cir. 1977).

Here the Washington Superior Court Judge applied in his forum non conveniens analysis the objective criteria set forth in *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 579, 555 P.2d 997 (1976) (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 91 L. Ed. 1055, 67 S. Ct. 839 (1947)):

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

These criteria are the "private interest" factors. *Macedo v. Boeing Co.*, 693 F.2d 683, 685–86 (7th Cir. 1982).

---

preparation and discovery reasonably could have been expected to cover the new matters in the prior action, and the closeness of the relationship between the claims involved in the two proceedings.
(Footnote omitted.) 18 C. Wright, A. Miller & E. Cooper, *Federal Practice* § 4417, at 149 (1981) (citing Restatement (Second) of Judgments § 27, comment *c* (1981)); *Starker v. United States,* 602 F.2d 1341, 1344 (9th Cir. 1979).

The Superior Court Judge found that the ease of access to sources of proof and the availability of compulsory process for, and the cost of obtaining, the attendance of witnesses favored King County, Washington, and that a view of the premises was not necessary since aerial photographs and other demonstrative evidence would suffice.

In addition to the private interest factors enumerated in *Gilbert,* the Illinois federal District Court Judge considered "public interest" factors[8] cited in *Gilbert,* at 508–09, specifically, congestion of the district docket and the lack of a relation between the litigation and the community from which the jurors would come. *Macedo,* at 686. The Illinois federal District Court Judge stated:

> The fact that the aircraft was manufactured in the United States does not make the accident, involving a Portuguese airline, an airport in Portugal, predominantly Portuguese plaintiffs and Portuguese witnesses, any less a matter of local Portuguese interest. Plaintiffs cannot, by characterizing their causes of action as products liability claims, eliminate the very intimate relation of Portugal to the accident; the products liability claims arise in the context of a Portuguese accident.

*Macedo.*

In his discussion of access to sources of proof, the King County Superior Court Judge noted that the instant product liability action arose out of the crash of a Boeing 727 aircraft, and that Boeing is located in King County,

---

[8]"Factors of public interest also have [a] place in applying the [forum non conveniens] doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 91 L. Ed. 1055, 67 S. Ct. 839 (1947).

Washington. Further, the Judge noted that the aircraft in question was "designed, certificated, manufactured and delivered in Washington." Moreover, in discussing other practical problems that make trial of a case easy, expeditious and inexpensive, the Judge stated that evidence supporting a product liability theory was available in King County, Washington. The Judge further found that Washington has an interest in ensuring that Boeing, a local corporation, designs, builds, and delivers safe products and that King County jurors were not likely to be unduly biased against Boeing. Thus while not designated as such, the King County Judge did consider the public interest factor of the relation between the litigation and the community from which the jurors would come, including the community's interest in the litigation.

In his memorandum opinion and order on remand, the federal District Court Judge, as directed, considered Washington as a forum to which the action might be transferred. While conceding that the Western District of Washington would be a "somewhat more convenient forum than Illinois," the Judge concluded nonetheless that "by no means is it a more convenient forum for this action than Portugal." The Judge noted that Boeing has its principal place of business in Washington, but stated that

overwhelming factors in favor of Portugal are the defendants' access to evidence crucial to its defense and the defendants' ability to implead PDGCA [the air traffic control agency]. *With respect to these factors, it is irrelevant whether the forum is in Illinois or Washington; either United States forum would preclude the defendants from fully presenting their case.*

(Italics ours.)

Moreover, both the Illinois federal District Court Judge and the King County Superior Court Judge noted the deference to be given to the plaintiffs' choice of forum. Citing *Johnson,* the King County Judge stated that the plaintiffs' choice of forum should rarely be disturbed unless the balance of forum non conveniens factors weighed strongly in

favor of the defendant. The federal District Court Judge stated that because the Boskoff plaintiffs, Americans who were among the Macedo plaintiffs, had an action pending against Boeing in an American forum, the deference that would ordinarily be given American plaintiffs' choice of forum, *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56, 70 L. Ed. 2d 419, 102 S. Ct. 252 (1981), *reh'g denied,* 455 U.S. 928 (1982), was considerably lessened. Thus similar, if not identical, objective criteria were considered in the forum non conveniens determinations of the federal District Court and Washington state court.

Citing *Parsons v. Chesapeake & O. Ry., supra,* the respondents argue, nonetheless, that forum non conveniens decisions are not binding between state and federal courts because of the discretion involved and the different weight given to the various factors in the balancing process. They cite as an example the state interest in permitting product liability actions against resident manufacturers which may have been given less weight by the federal rather than the state court.

*Parsons* is distinguishable from the instant case,[9] however, in that while the state and federal courts' discretionary forum non conveniens determinations in that case involved evaluations of similar, though not identical, objective criteria, the Supreme Court concluded that

> since the material facts underlying the application of these criteria in each forum were different in several respects, principles of *res judicata* are not applicable to the situation here presented.

375 U.S. at 73. A major difference, according to the Court, was that

---

[9]*Kahn v. United Technologies Corp.,* 16 Av. Cas. (CCH) 17,651 (Conn. Super. Ct. 1981), cited by the respondents as a case in which the Connecticut state court denied a forum non conveniens dismissal motion after a District of Columbia federal court had dismissed the action on forum non conveniens grounds, is similarly distinguishable in that the federal District Court in that case, in dismissing the action, expressly noted that Connecticut was a possible alternative forum.

[o]bviously, the question whether the convenience of the parties and of the witnesses would be better served by a trial in a state court in Ludington [the alleged injury's location] is not the same question as whether those interests would be better served by a trial in a federal court in Grand Rapids [60 miles away].

375 U.S. at 73. In contrast to *Parsons,* here the King County Superior Court and the federal District Court are within several blocks of one another in Seattle, Washington, and, more importantly, both the Illinois federal District Court and the King County Superior Court Judges decided the same issue of the appropriateness of Washington as compared to Portugal as the forum for this litigation.[10]

Moreover, the federal District Court Judge did acknowledge the state interest in product liability claims but stated that the product liability claims arose in the context of an accident that occurred in Portugal and involved a Portuguese airline and Portuguese airport and predominantly Portuguese plaintiffs and witnesses so that the fact that the airplane manufacturer was American did not lessen the strong local Portuguese interest in the litigation.

Further, while the respondents claim that the underlying material facts in the state court's forum non conveniens determination were different from those in the federal court's determination because the state court action was limited to Boeing's proportionate liability in relation to the other defendants, Boeing still has the burden of showing the other defendants' liability to limit or preclude its own liability so that the facts were not significantly different in the state court's determination.

Where the forum non conveniens issue that was neces-

---

[10]*Cf.* Wright, Miller & Cooper, *supra,* § 4418, at 174 n.16, commenting on *Pastewka v. Texaco, Inc.,* 565 F.2d 851 (3d Cir. 1977) as a case in which a prior forum non conveniens dismissal led to direct estoppel:

Although the first action was brought in the Southern District of New York and the second action was brought in the District of Delaware, the forum non conveniens issue remained the same since it rested on the inconvenience of litigation in the United States as compared to other countries.

sary to the federal court's dismissal decision was actually litigated between the parties and the federal court applied essentially similar objective criteria to the same underlying material facts as the subsequent state court, the relitigation of the forum non conveniens issue is precluded by direct estoppel. *Pastewka,* at 853–54.

> Once a judicial system has afforded the opportunity for full and final litigation of issues between parties, . . . permitting relitigation of the same issues in another court is intolerable.

*Pastewka,* at 854. Direct estoppel, like

> res judicata[,] encourages reliance on adjudication, bars vexatious litigation, and promotes economy of judicial resources.

*Mizokami,* at 715 (citing *Allen v. McCurry,* 449 U.S. 90, 66 L. Ed. 2d 308, 101 S. Ct. 411, 415 (1980); *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, 58 L. Ed. 2d 552, 99 S. Ct. 645, 649 (1979)).

The portion of the superior court order denying Boeing's summary judgment motion is reversed.

RINGOLD and GROSSE, JJ., concur.

Review denied by Supreme Court November 8, 1985.